IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Scott Bauer, ) | Civil Action No. 6:16-304-RMG-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden FCI Williamsburg, ) | |
| Respondent. ) | |

This matter is before the court on the respondent's motion for summary judgment (doc. 25).  The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review petitions for relief and submit findings and recommendations to the district court.

The respondent filed the motion on July 7, 2016 (doc. 25).  On July 8, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the motion to dismiss and summary judgment procedures and the possible consequences if he failed to adequately respond to the motion (doc. 26).  On August 12, 2016, the petitioner filed a response in opposition to the motion (doc. 28).

## FACTS PRESENTED

The petitioner is an inmate currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina.  He is serving a 30-month term of incarceration imposed by the United States District Court for the District of South Dakota for carrying a firearm during a drug trafficking crime.  The petitioner's projected release date is March 20, 2022, via Good Conduct Time ("GCT") release (doc. 25-2).

In his Section 2241 petition, the petitioner challenges an administrative disciplinary action he received on February 1, 2014, for possessing intoxicants while incarcerated at the Federal Correctional Complex ("FCC Low"), in Petersburg, Virginia (doc. 1-1, p. 3; doc. 25-3, p. 1).  On this date, while Officer Z. Hicks was conducting routine shakedowns, he came across a suspicious item (doc. 25-13, Incident Report No. 2544060, pt. I, § 11).  The item was a large clear trash bag containing a Mountain Dew box with another trash bag inside containing what appeared to be homemade intoxicants.  He found this behind the petitioner's locker.  The substance was tested by Lt. R. Spence at 1:35 p.m. on February 1, 2014., and tested positive, reading a .370 with the AlcoSensor IV (*id*.).  At approximately 1:40 p.m., Officer Hicks prepared an incident report charging the petitioner with Possession of Any Narcotics, Marijuana, Drug, Alcohol, Intoxicants or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff in violation of Code 113 (*id*. § 9).  The incident report was delivered to the petitioner the same day (*id*. §§14-16). The incident report described the prohibited act with which the petitioner was being charged (*id*. §§ 9-11).  After receiving the incident report, the petitioner stated, "It's all mine" (*id*., pt. 3, § 24).  Subsequently, the petitioner was transferred to the Special Housing Unit ("SHU") at FCC Petersburg ("FCC Medium").  The investigating officer determined the incident report was accurate and the charge valid and referred the matter to the Unit Discipline Committee ("UDC") for further review (*id.* §§ 26-27).

The UDC hearing was conducted on February 4, 2014 (*id*., pt. II, § 21).  The petitioner was advised of his right to remain silent during the UDC hearing and/or during any stage of the disciplinary process, and informed that his silence could be used to draw an adverse inference against him (*id*., pt. III, § 23).  The petitioner admitted the substance belonged to him (*id*., pt. II, § 17).  Due to the contents of the report, the petitioner's admission, and supporting documents, the UDC referred the matter to the Disciplinary Hearing Officer ("DHO") (*id*. §§ 18B, 19).

2

On February 4, 2014, the petitioner was given written notice of a hearing before the DHO as well as his rights at the DHO hearing (doc. 1-2, pp. 4, 6). On the same day, the petitioner elected not to request a staff representative or call witnesses (*id*., pp. 4-6). On February 19, 2014, a hearing before the DHO was conducted (*id*., pp. 7-9). The petitioner was present, again advised of his rights, and he stated that he understood (*id*., p. 7, §§ I, III). The petitioner again declined the assistance of a staff representative and did not wish to have witnesses testify (*id*. §§ II, III.C). The petitioner made the following statement, "It's true. I tried to make some wine. I had maybe a gallon" (*id*. § III.B). After consideration of all the evidence, the DHO found that the petitioner committed the prohibited act of Possession of Any Narcotics, Marijuana, Drug, Alcohol, Intoxicants or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff in violation of Code 113 (*id*., p. 8, § IV). The DHO considered the written statement of Officer Hicks and the petitioner's three separate admissions (*id*., pp. 7-8, §§ III.D, V). The DHO found the greater weight of the evidence of the officer's written account of the incident and the petitioner's admissions showed he committed the prohibited act as charged (*id*., p. 8, § V). The DHO imposed sanctions including disallowance of 41-days of GCT, 30-days disciplinary segregation suspended pending 180-days clear conduct, and one-year loss of UNICOR job (*id*. § VI.). The DHO prepared a written report detailing her decision, the evidence relied upon, and the reasons for the sanctions imposed (*id*., pp. 8-9, §§ V, VII). It was signed on March 13, 2014 (*id*.). A copy of the DHO's decision was delivered to the petitioner on May 14, 2014 (*id*., p. 9, § IX).

The petitioner was released from SHU on February 21, 2014, and returned to FCC Low (doc. 25-1, p.1). In April 2014, after receiving a second incident report for the same charge of possession of intoxicants, the petitioner was transferred back to the SHU at FCC Petersburg Medium (*id*.). Subsequently, he was re-designated and transferred to FCI Williamsburg (doc. 25-2).

The petitioner appealed this decision through the administrative remedy process to the Regional and Central Offices (doc. 25-4). On June 4, 2014, the Mid-Atlantic Regional Office received a remedy appeal from the petitioner requesting a 60-day extension to file his appeal in regard to Incident Report No. 2544060, the incident at issue here (*id*.; doc. 25-5). The petitioner claimed that since he was in the SHU, he could not conduct legal research to file an appeal (*id*.).

On June 5, 2014, the petitioner's initial Regional Administrative Remedy Appeal was rejected because he failed to attach a copy of the DHO report (doc. 25-6). On June 18, 2014, the Regional Office received the petitioner's second appeal along with the attached DHO report in regard to Incident Report No. 2544060 (doc. 25-4, p. 3; doc. 25-7). In this appeal, the petitioner clearly identified he was appealing the incident report he received on February 1, 2014, and the DHO hearing that was held on February 19, 2014 (doc. 25-7). Again, the petitioner asked for a 60-day extension to file his appeal because he was transferring to another institution (*id*.).

On August 6, 2014, the Regional Office upheld the disciplinary action and sanctions in the DHO decision of February 19, 2014, regarding the incident that occurred on February 1, 2014 (doc 25-8). In the Regional Director's response, the petitioner was informed the DHO considered the evidence including the petitioner's admission that he had intoxicants in his possession, the DHO found that the petitioner committed the prohibited act based on the greater weight of the evidence, and the DHO adequately explained to the petitioner the specific evidence relied on to find that he committed the prohibited act (*id*.). The Regional Director also found that the disciplinary procedures were substantially followed and denied the petitioner's appeal (*id*.). The petitioner appealed the Region Director's denial to the Central Office on September 15, 2014 (doc. 25-4, p. 3; doc. 25-9). In his appeal, the petitioner detailed the reasons why the incident report should be expunged (doc. 25-9). The Central Office rejected the petitioner's appeal twice for not

4

providing all the required documentation (doc. 25-4, p. 3; doc. 25-10). On April 29, 2015, the Central Office accepted the petitioner's appeal, but the response is still pending (doc. 25-4). However, because the time period for a response from the Central Office has passed, the petitioner "may consider the absence of a response to be a denial at that level" (doc. 25-12, p. 4).

## FEDERAL PETITION

In his petition filed on February 1, 2016, the petitioner alleges four grounds for relief. In Ground One, the petitioner contends that the BOP's Regional Office abused its discretion and violated his due process rights when they denied his request for additional time to file his appeal of the DHO's decision (doc. 1, p. 8). In Ground Two, he claims the DHO was not an unbiased, independent fact-finder as required by law (*id*.). In Ground Three, the petitioner contends he could not have committed the infraction as set out by the DHO's report because he was not housed at FCC Petersburg Medium on February 1, 2014 (*id*., p. 9). Lastly, in Ground Four, he alleges that he was prejudiced because he was denied the right to attend administrative detention reviews that were held every seven days while he was in the SHU (*id*., p. 10). He requests the incident report be expunged and his GCT restored "or in the alternative, to remand to the Region to reset the time for filing the BP-10" (*id*., p. 9).

## APPLICABLE LAW AND ANALYSIS

### *Exhaustion of Remedies*

The respondent agrees that the petitioner has exhausted his administrative remedies as to the allegations set forth in his petition. However, the respondent argues that the Regional Administrative Remedy Appeal, 781904-R2, filed by the petitioner and attached to his petition, is not consistent with the incident report and the DHO's decision challenged in the petition at issue here (*see* doc. 1-2, pp. 2, 7-9, 12-13). Apparently the confusion arises because the petitioner received two separate incident reports on February

1 and April 4, 2014, involving charges for Possession of Any Narcotics, Marijuana, Drug, or Alcohol, Intoxicants or Related Paraphernalia Not Prescribed for the Individual by the Medical Staff in violation of Code 113 (doc. 25-3, p. 1). A DHO hearing was held for the February 1st incident on February 19, 2014, which is the hearing at issue in this case. The DHO hearing for the April 4th incident was held on April 17, 2014. The petitioner was found to have committed the prohibited acts as charged on both dates (*id.*). Subsequently, he filed two separate Section 2241 petitions challenging the DHO's decisions, but he relied on the wrong administrative remedy appeals in each petition. *See Bauer v. Warden*, 6:16-cv-304-RMG-KFM, doc. 1; *Bauer v. Warden*, 6:16-cv-807-RMG-KFM, doc. 1. Nonetheless, the respondent does not dispute that the petitioner has exhausted his administrative remedies.

### Standard of Review

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold

6

demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### Due Process

When a prisoner faces the possible loss of good-conduct credits in prison disciplinary proceedings, he is entitled to certain due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Specifically, *Wolff* requires: (1) at least 24 hours advance written notice of the charges; (2) a written statement by the fact-finder as to evidence relied upon in decision; (3) a written statement by the fact-finder as to the reason for disciplinary action taken; (4) an opportunity to call witnesses and present documentary evidence, if institutional safety will not be jeopardized; (5) counsel substitute if the inmate is illiterate or the case is complex; and (6) an impartial hearing tribunal. *Id.* at 563-71.

The record of the petitioner's DHO hearing reflects that the due process requirements of *Wolff* were observed. The petitioner was given advance written notice of the charges more than 24 hours before the hearing (doc. 1-2, p. 2; doc. 25-13). He was offered the opportunity to present evidence in the form of documents or witnesses and to have the assistance of a staff representative (doc. 1-2, pp. 4-6). The petitioner waived his right to the assistance of a staff representative and his right to have witnesses (*id.*). He admitted the charge against him (*id.*, p. 7, §§ III.A & B). The hearing record further reflects the DHO's decision, the evidence relied upon, the reasons for her decision, and the

sanctions imposed (*id.*, pp. 8-9, §§ V-VII). Here, the record indicates that the respondent complied with the minimal due process requirements of *Wolff*.

The petitioner asserts that the disciplinary hearing denied him due process in several respects. First, he claims that the BOP's Regional Office abused its discretion and violated his due process rights when they denied him additional time to file his administrative appeal of the DHO's report (doc. 1, p. 8). He alleges that the delay in receiving the DHO report caused him an undue hardship because he was in the SHU and already re-designated to another facility (*id.*; doc. 1-1, p. 5). He contends he could not work on legal work while on a transfer (doc. 1-1, p. 5). BOP policy recognizes that the DHO shall give the inmate a written copy of the decision and disposition, ordinarily within 15-days of the DHO's decision (doc. 25-14, Program Statement 5270.09, p. 35). Review of the record reveals the DHO's report was signed March 13, 2014, and was not given to the petitioner until May 14, 2014, which is beyond the 15-day requirement. To the extent the petitioner is alleging that the BOP's failure to abide by its own regulations entitles him to a constitutional claim, this argument fails. Violation of an agency's regulation does not raise a constitutional question. *See United States v. Caceres*, 440 U.S. 741, 751-52 (1979); *Riley v. Drew*, C.A. No. 4:12-1894-RMG, 2013 WL 2285941, at *5 (D.S.C. May 23, 2013) ("Violations of BOP regulations do not equate to a violation of due process.") (citation omitted). *See also Huang Mahsukhani*, C.A. No. 4:16-1269-BHH, 2016 WL 6694530, at *3 (D.S.C. Nov. 16, 2016) (noting that 15-day period to receive DHO decision is not mandatory, and petitioner failed to show that receipt outside the *ordinary* 15-day period violated his due process rights) (emphasis in original).

Additionally, there is no evidence that this delay had any adverse impact on the petitioner's ability to appeal the DHO's decision. The petitioner's first request or appeal

to the Regional Office was not rejected because he did not timely file his appeal,[1] but rather because he failed to attach a copy of the DHO's decision (docs. 25-4, 25-6).  Additionally, after receiving the DHO's decision on May 14, 2014, the petitioner had approximately two months to attempt to file his appeal before he left FCC Petersburg Medium on July 14, 2014, in route to FCI Williamsburg (doc. 25-1).  Inmates in the SHU have access to a SHU law library and may sign up with SHU staff to use the law library (doc. 25-15, p. 2, § j) Therefore, being confined in SHU does not excuse an inmate from filing an administrative remedy or appeal, nor serve as a legitimate excuse for an extension to file such remedy or appeal.

Further, the petitioner also does not have a constitutional right to the grievance process or an extension to file a grievance. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, when the petitioner resubmitted his second request/appeal to the Regional Office, dated June 12, 2014, he attached a copy of the DHO report (doc. 25-4; doc. 25-7).  At that time, he again asked for an extension stating he was still in SHU and was going to be transferred (doc. 25-7).  Again, the petitioner had a month before he left FCC Medium and time to file an appeal (doc. 25-1).  The Region reviewed the petitioner's request for an appeal of the DHO's decision and found the DHO's decision was supported by some evidence (doc. 25-8).  Thus, the petitioner's appeal was denied (*id.*).  The petitioner, instead of appealing for the Region not ruling on his extension, appealed the DHO's report to the Central Office, detailing why he felt his due process rights were violated (doc. 25-9).  The Central Office has not ruled on his appeal, which according to policy, can be considered a denial (docs. 25-4, 25-12).  Therefore, based on the above, it is clear that

---

[1] In accordance with Program Statement 1330.18, Administrative Remedy Program, an inmate has 20 days from the date the DHO signs the report to appeal the DHO's decision (doc. 25-12, p.2).  However, if an inmate does not timely receive the DHO's report, the Region will not penalize the inmate for not timely filing his appeal if the inmate can verify through staff when he or she received the DHO's report (*id.*, p. 3).

the petitioner's due process rights were not violated in regard to a delay in receiving the DHO's report and filing an appeal.

The petitioner further claims the DHO was not an unbiased, independent fact-finder (doc. 1, p. 8).  An inmate facing disciplinary charges does have the right to an impartial decision maker. *Wolff*, 418 U.S. at 571.  In order to prevail on a deprivation of due process claim, a defendant must show that the decision maker displayed "a level of bias that made 'fair judgment impossible.'"" *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the petitioner makes conclusory statements that the DHO-in-question "was not a neutral finder of fact during my DHO Hearing . . . [She] had already concluded my guilt" (doc. 1-1, p. 6).  He contends that he could not talk about what was discussed and understood between him and his counselor after he was given the incident report because the DHO's "rude, abasing oppressive attitude created undue influence to keep silent because it appeared from her attitude and demeanor that if I said anything, she would make the situation worse making the hearing subjective rather than objective" (*id.*).  The petitioner has failed to provide any evidence - other than his own conclusory allegations - that the DHO was not an impartial decision maker.

In the petitioner's third ground, he contends that Section V of the DHO's decision is impermissible because the DHO referred to him being at FCC Medium when he committed the prohibited act, although he in fact was not housed at FCC Medium at that time (doc. 1-1, p. 7).  The petitioner was at FCC Low when he committed the offense and was given Incident Report No. 2544060 (docs. 25-1, 25-13).  After being charged, the petitioner was transferred to the SHU in FCC Medium (docs. 25-1, 25-16).  The DHO hearing was then conducted at FCC Medium, while the petitioner was still in the SHU (doc. 1-2, pp. 6-9).  The petitioner has not shown that this typographical error caused him any prejudice. Although the DHO refers to the wrong institution in the DHO report, such error is harmless and does not amount to a due process violation. *See Marin v. Bauknecht*, C.A.

10

No. 8:07- 0165-JFA-BHH, 2007 WL 3377152, at *4 (D.S.C. Nov. 9, 2007) (typographical error on DHO report was harmless and did not cause petitioner to be prejudiced) (citing *Brown v. Braxton*, 373 F.3d 501 (4th Cir. 2004) (holding even if hearing officer erred in not calling a witness, petitioner has not demonstrated that he was harmed); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d. Cir. 1991) (applying harmless error to prison disciplinary proceedings)).

The petitioner also claims he was prejudiced when he was denied the opportunity to attend weekly and monthly SHU reviews as set forth in policy (doc. 1, p. 10; doc. 1-1, pp. 8-10). He claims because he was not allowed to attend the status review he was unable to "access the veracity of the [BOP's] case against [him]" and was unable "to obtain any information/evidence which was subsequently spoiled" (doc. 1-1, p. 8). He relies on BOP policy providing for review of an inmate's status after seven days of continuous detention in administrative detention or disciplinary segregation. *See* 28 C.F.R. § 541.26(b). As argued by the respondent (doc. 25, p. 14), attendance at SHU reviews is irrelevant to the due process requirements set forth in *Wolff* as it pertains to the disciplinary hearing process. Moreover, such a claim does not relate in any way to the execution of the petitioner's sentence, and thus it is inappropriate for a Section 2241 petition. *See Huff v. Ziegler*, C.A. No. 2:10cv89, 2010 WL 5536308, at *3 (N.D. W. Va. Aug. 20, 2010) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973)), *R&R adopted by* 2011 WL 43021 (N.D. W. Va. Jan. 6, 2011).

Based upon the foregoing, the respondent's motion should be granted as to the petitioner's claims of violations of procedural due process in connection with the disciplinary hearing.

Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require

11

examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56 (citations omitted). "Judicial review of prison disciplinary actions is therefore limited solely to a determination as to whether there is evidence in the record to support the DHO's decision." *Kerr v. Rogers*, C.A. No. 5:16-cv-278-MGL-KDW, 2016 WL 5109544, at * 4 (D.S.C. Sept. 12, 2016), *R&R adopted by* 2016 WL 5076074 (D.S.C. Sept. 20, 2016) (citations omitted).

The petitioner claims he only made concessions that the alleged wine was his due to the undue influence of his counselor in consideration of the promises made by the counselor for said statement (doc. 1-1, p. 1). The petitioner had a choice to call the counselor as a witness, ask for him to be his staff representative, or to tell the DHO the alleged arrangement he made with his counselor. However, the "mere fact that Petitioner has some evidence with which he could craft a defense to the disciplinary charges is wholly irrelevant in a § 2241 petition." *Antonakeas v. Sherman*, C.A. No. 05-305, 2006 WL 3421858, at *3 (W.D. Pa. Nov. 28, 2006). Here, the DHO's decision is clearly supported by some evidence given the written statement of Officer Hicks and the petitioner's three separate admissions (doc. 1-2, pp. 7-8, §§ III.D, V). Accordingly, the evidence was sufficient to satisfy the requirements of due process.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 25) be granted.

s/ Kevin F. McDonald
United States Magistrate Judge

January 6, 2017
Greenville, South Carolina

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).