# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Scott Bauer, ) | Case No. 6:16-cv-304-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |

Petitioner Scott Bauer is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. Petitioner is proceeding *pro se* and seeks habeas relief under 28 U.S.C. § 2241, challenging an administrative disciplinary action imposed on him on February 1, 2014 for possession of intoxicants while incarcerated. The Respondent, Warden FCI Williamsburg, has filed a motion for summary judgment. (Dkt. No. 25.) This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 30.)

## Facts

Details about how the incident at issue transpired are not in dispute[1] and are outlined in detail in the R&R. (Dkt. No. 30 at 1-5). The Court reiterates them only briefly here. On February 1, 2014, the officer on duty discovered homemade intoxicants in a Mountain Dew box behind Petitioner's locker. The officer drafted an incident report describing the charges and gave the description to Petitioner to review. In response to reviewing the report, Petitioner stated "It's all mine." (Dkt. No. 25-13 at 2, Incident Report No. 2544060.)

---

[1] The Court acknowledges that Petitioner has stated he did not produce the alcoholic substance.

Petitioner was transferred to the Special Housing Unit ("SHU"). The investigating officer determined that the incident report was accurate and referred the matter to the Unit Discipline Committee ("UDC") for further review. At the UDC hearing a few days later on February 4, 2014, Petitioner again admitted that the substance belonged to him. (Dkt. No 25-13 at 1.) The UDC, taking into account the report, Petitioner's admission, and supporting documentation, referred the matter to the Disciplinary Hearing Officer (DHO). On the same day as his UDC hearing, petitioner was given written notice that he would have a hearing in front of the DHO. At his DHO hearing on February 19, 2014, petitioner stated, "It's true. I tried to make some wine. I had maybe a gallon." (Dkt. No. 1-2 at 7.) Petitioner declined the assistance of a staff representative at both his UDC and DHO hearings. Taking into account all available evidence, including Petitioner's three separate admissions to the offense, the DHO found that Petitioner indeed committed the prohibited act and sanctioned him to a) disallowance of 41 days of earned good time credit; 2) 30 days of disciplinary segregation suspended pending 180 days of clear conduct; and 3) the loss of his UNICOR job for one year. (Dkt. No. 1-2 at 8.) On May 14, 2014 Petitioner received a copy of the DHO's report that outlined her decision, the evidence she relied on, and the reasons for the sanctions imposed. (Dkt. No. 1-2 at 9.) Petitioner appealed the DHO's decision to the Regional and Central Offices through the administrative remedy process to no avail.[2] Petitioner has exhausted his administrative remedies, so review by this Court is appropriate.

---

[2] Petitioner was the subject of another incident report on April 4, 2014 for the same type of offense. Petitioner has challenged the proceedings related to that incident on similar substantive grounds (6:16-cv-00807).

## Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact [so] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would impact the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered could cause a reasonable jury to find for the non-moving party on the issue of fact. *Id.* at 257. The moving party has the burden of showing the Court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party meets this burden, the Petitioner must demonstrate that specific material facts exist which create a genuine issue. *Id.* at 322-23. The Court will construe all inferences and ambiguities in favor of the non-moving party, in this case, the Petitioner, when it determines whether a genuine issue has been raised. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

## Discussion

Petitioner seeks relief on four separate grounds. This Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on all four.

Ground 1: Petitioner claims that the BOP abused its discretion and violated his due process rights when it denied his request for additional time to appeal the DHO's decision. Petitioner was entitled to the due process protections in his disciplinary proceedings as outlined *Wolff v. McDonnell,* 418 U.S. 539 (1974), because he faced possible loss of good conduct time.

These protections include: (1) at least 24 hours advance written notice of the charges; (2) a written statement by the fact-finder as to evidence relied upon in decision; (3) a written statement by the fact-finder as to the reason for disciplinary action taken; (4) an opportunity to call witnesses and present documentary evidence, if institutional safety will not be jeopardized; (5) counsel substitute if the inmate is illiterate or the case is complex; and (6) an impartial hearing tribunal. *Id.* at 563-71. The Court agrees with the Magistrate's determination that Petitioner received each of the due process protections required under *Wolff.* (Dkt. No. 30 at 7-8).

Petitioner claims in particular that his right to due process was violated when the BOP 1) delayed sending him the DHO report, causing him undue hardship because he did not have access to legal materials while housed in SHU and would soon be transferred; and 2) denied his request for additional time to appeal the DHO's decision. (Dkt. Nos. 1 at 8; 1-1 at 5.). Petitioner did receive the DHO's decision outside of the 15-day period outlined in the BOP's policy, but the BOP's violations of its own policies do not amount to a due process violation. *Riley v. Drew*, C.A. No. 4:12-1894-RMG, 2013 WL 2285941, at *5 (D.S.C. May 23, 2013) ("Violations of BOP regulations do not equate to a violation of due process.") (citation omitted). This court agrees with the Magistrate that Petitioner's pending transfer and housing in SHU did not have any impact on his ability to file a timely appeal. First, inmates housed in SHU do have access to the law library. (Dkt. No. 25-15 at 2.) Second, Petitioner received notice of the DHO's decision on May 14, 2014 – about two months before he was transferred on July 14, 2014. The Court finds that Petitioner's delayed receipt of the DHO's decision combined with his pending transfer had no impact on his ability to file a timely appeal within 20 days of receipt of the decision.[3]

---

[3] In accordance with the BOP's Program Statement 1330.18, Administrative Remedy Program, an inmate has 20 days from the date the DHO signs the report to appeal the DHO's decision, but if an inmate does not timely receive the DHO's report, the Region will not penalize the inmate for not timely filing his appeal if the inmate can verify through staff when he or she received the DHO's report. (Dkt. No. 25-12 at 2-3.)

Petitioner has also failed to provide any evidence that his delayed receipt of the DHO's decision had any impact at all on his ability to appeal it. Petitioner's first appeal was denied because he did not attach a copy of the DHO's decision, not because he did not timely file. (Dkt. No. 25-6). Petitioner resubmitted an appeal about one month later on June 12, 2014 (which included a copy of the DHO's decision) and requested another extension. The Regional Office denied that appeal because it found some evidence that supported the DHO's decision. (Dkt. No. 25-8.) Petitioner then appealed the DHO's report to the Central Office which has not ruled on his appeal (which can be considered a denial).

Ground 2: Petitioner claims that the DHO was not an unbiased, independent fact finder which he is entitled to by law. Petitioner did have a due process right to an impartial decision-maker under *Wolff*, 418 U.S. at 571, but must plead facts sufficient to show "a level of bias that made 'fair judgment impossible.'" *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Petitioner has made only conclusory allegations that the DHO who presided over his hearing was "not a neutral" decision-maker and that her "rude, abasing oppressive attitude created undue influence" which caused him to remain silent due to the fear that if he "said anything, she would make the situation worse." (Dkt. 1-1 at 6.) The Court finds that there is no genuine dispute of material fact about whether the DHO in this case was impartial since Petitioner has provided no facts which suggest otherwise.

Ground 3: Petitioner claims that he could not have committed the offense outlined in the DHO's report because he was not housed at the facility listed in the report (FCC Medium) at the time of the offense. Petitioner was indeed housed at FCC Low when he committed the offense and was transferred to SHU at FCC Medium after he was charged. His hearing was conducted at FCC Medium. This type of typographical mistake cannot support allegations of a due process

violation. *See Marin v. Bauknecht*, C.A. No. 8:07-0165-JFA-BHH, 2007 WL 3377152, at *4 (D.S.C. Nov. 9, 2007) (typographical error on DHO report was harmless and did not cause petitioner to be prejudiced) (citing *Brown v. Braxton*, 373 F.3d 501 (4th Cir. 2004) (holding that petitioner had not demonstrated he was harmed by officer's failure to call a witness); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d. Cir. 1991) (applying harmless error to prison disciplinary proceedings)). More importantly, Petitioner has not shown that this typographical error created any prejudice against him during the course of his disciplinary proceedings.

Ground 4: Petitioner claims he was prejudiced when he was not allowed to attend administrative detention reviews while he was in SHU. Under 28 C.F.R. § 541.26(b), the BOP reviews an inmate's status after seven days in administrative detention or disciplinary segregation. Petitioner claims that, because he could not attend the hearings, he was not able to "access the veracity of the [BOP's] case against [him]" or "to obtain any information/evidence which was subsequently spoiled." (Dkt. No. 1-1 at 8). This Court agrees with the Magistrate Judge that attendance at these hearings every seven days is not relevant to the question of whether Petitioner received the due process protections in the disciplinary hearing process he is entitled to under *Wolff*. This claim is also not appropriate within a 28 U.S.C. § 2241 petition because it is not relevant to the execution of Petitioner's sentence. *See Huff v. Ziegler*, C.A. No. 2:10-cv-89, 2010 WL 5536308, at *3 (N.D. W. Va. Aug. 20, 2010) (Petitioner's action not appropriate under § 2241 because it related to where he was housed and why but had no relevance to the "execution of his sentence, i.e., the fact or length of his confinement").

For these reasons, the Court grants Respondent's motion for summary judgment on Petitioner's procedural due process claims. The Court also finds that Petitioner received substantive due process in his disciplinary hearing because the DHO's decision was based on

"some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). The DHO's decision in this case was based on ample evidence, including the reporting officer's eye-witness observations and Petitioner's three separate admissions to the offense. Petitioner claims that he only admitted the alcoholic substance was his because his counselor promised he would receive lenient treatment in exchange. (Dkt. No. 1-1 at 1.) Petitioner had several opportunities to come forward with this information at his hearing which, as explained above, was void of any procedural due process deficiencies. He could have called a witness, requested a staff representative, or stated the fact directly to the DHO. This Court is satisfied that Petitioner received both the substantive and procedural due process protections to which he is entitled.

The Court therefore **ADOPTS** the Report and Recommendation (Dkt. No. 30) as the Order of the Court, and **GRANTS Respondent's motion for summary judgment.**

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 23, 2017
Charleston, South Carolina